UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LESLIE C. ANDERSON, CHARLES MILES, RONNIE MILES and TABRINA MUDD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 1:11-CV-72-TLS |
| MONROE GROUP, LTD. d/b/a EAST CENTRAL TOWERS, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Four Plaintiffs, Leslie C. Anderson, Charles Miles, Ronnie Miles, and Tabrina Mudd, filed this lawsuit against the Defendant, Monroe Group, Ltd. The Defendant has filed motions for summary judgment against Ronnie Miles and Tabrina Mudd, which still remain pending. Plaintiff Leslie Anderson has filed a Joint Stipulation of Dismissal [ECF Nos. 33], signed by both parties' counsel acknowledging their stipulation to a dismissal of Anderson's claims with prejudice. Plaintiff Charles Miles has filed the same Joint Stipulation of Dismissal [ECF No. 34] with respect to his claims against the Defendant.

Despite the labels, the "stipulations" of dismissal filed by Plaintiffs Anderson and C. Miles were in substance motions for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. They were not stipulations of dismissal under Rule 41(a)(1)(A)(ii) because Plaintiffs R. Miles and Mudd do not request dismissal of their actions, and the submissions were thus not "signed by all parties who have appeared." Rule 41(a)(1)(A)(ii). Thus, the Court will construe each filing as a Motion for Voluntary Dismissal, with prejudice, made pursuant to Rule 41(a)(2), which allows a court to consider whether it is proper to order a party

dismissed upon the plaintiff's motion. It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Tyco Labs.*, 627 F.2d at 56.

There is some question whether Rule 41(a) allows the dismissal of entire actions, as opposed to one of several claims against a defendant. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1)(i) speaks in terms of dismissing an action, not a claim). In *Berthold*, the plaintiff could not voluntarily dismiss a claim contained in an amended complaint because the defendant had previously filed a motion for summary judgment as to the entire action. 242 F.3d at 776–77. Subsection (a)(2) also speaks in terms of dismissing an action. Recently, in *Gatling v. Nickel*, 275 F.R.D. 495, 2011 WL 2579944 (E.D. Wis. June 28, 2011), the district court dismissed individual claims—but not the entire action—pursuant to a stipulation of the parties under Rule 41(a)(2). The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it

does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, F.R.D. at 496.

In consideration of the procedural context of this case and the parties's submissions, the Court finds that it has the power to enter an order with respect to Plaintiffs Anderson and C. Miles, and further finds that dismissal of their claims is appropriate because the Defendant has not filed summary judgment motions against them, the Defendant agrees to the dismissal, and the dismissals will be with prejudice. The context in which dismissal is sought is not adversarial and there is no prejudice to the Defendant in allowing the dismissals.

For the foregoing reasons, the Joint Stipulations of Dismissal [ECF Nos. 33, 34], are construed as Motions for Voluntary Dismissal. Plaintiff Leslie Anderson's action is DISMISSED WITH PREJUDICE. Plaintiff Charles Miles's action is DISMISSED WITH PREJUDICE. The claims of Plaintiffs Ronnie Miles and Tabrina Mudd remain pending.

SO ORDERED on June 14, 2012.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT